UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 06-160(RBW) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| RODGER ARNTT, II, | : | |
| | : | |
| Defendant | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A CONTINUANCE OF THE DEFENSE CASE TO SEPTEMBER 5TH, 2006 AND REQUEST FOR AN IMMEDIATE CONFERENCE CALL WITH COURT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to Defendant's request for a continuance of the defense case, and states as follows:

1.   On May 19th, 2006, defendant was arrested.

2.   On May 22, 2006, defendant had his initial appearance before the Court, and was released on his personal recognizance.

3.   On May 26th, 2006, and June 22, 2006, undersigned counsel provided discovery to defendant's lawyer, Tony Axam. This discovery included, among other things, defendant's statement to the Metropolitan Police Department, and all of the "chats" in the case.

4..  On June 13, 2006, a Grand Jury Indictment was returned charging defendant with crimes involving traveling to D.C. with the intent to have sex with a minor.

5.   On June 26, 2006, a status hearing was held before this Court. At that hearing, defendant requested a continuance of the status hearing for three weeks so that he could ascertain new counsel. On that same day, defendant requested a two week waiver of his rights pursuant to the Speedy Trial Act.

6.	On July 19th, 2006, Mr. McLain appeared before the Court, telephonically. On that date, Tony Axam, Esquire, withdrew as counsel, and Mr. McLain orally entered his appearance. The Court set a schedule for Motions practice, and also set a trial date for August 28th, 2006 at 9:00 a.m.

7.	On July 19th, Mr. McLain represented to the Court that he may file a Motion To Suppress Statements. Undersigned counsel responded by representing in open court that government counsel would not seek to use defendant's statements in her case-in-chief, so that the only legal issue for the Court would be voluntariness of the statement, if defendant chose to testify and was impeached by his statements.

8.	Undersigned counsel opposes defendant's request to begin the defense case-in-chief on September 5th, 2006. First, counsel for the government thought that the trial itself (at least jury selection and opening statements) would begin on August 28th. Secondly, even if undersigned was mistaken, and the Court set the trial to start on August 29th, the government's case will not take longer than a day or a day and a half. A week-long delay will certainly result in hardship for the jury as well as result in prejudice to the government's case. Indeed, the hardship to the jury includes distraction, forgetting evidence, and having to sit longer than needed in a very simple case. Moreover, defense counsel has not proffered to the Court what relevance, if any, these witnesses will offer.

9.	The only discovery materials that have not been provided to counsel are reports for the forensic analyst. However, Mr. McLain met with the expert in person, and has already viewed the documents that he requested. Undersigned counsel will receive those reports on August 17, 2006 and they will be faxed to Mr. McLain upon receipt.

WHEREFORE, the United States respectfully requests that the Court deny Defendant's request to continue the defense case-in-chief to September 5th, 2006, and requests an immediate conference call with the Court.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney

By: _____
Julieanne Himelstein
Assistant United States Attorney
D.C. Bar No. 417136
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-8203