# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal No. 06-160 (RBW) |
| RODGER ARNTT, II, | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM OF LAW
## RELATING TO ANY PROPOSED
## INTRODUCTION OF CHARACTER EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following trial brief on the evidentiary issues presented by any proposed character witnesses.

Today, while reviewing the defendant's objections and proposed instructions to government's proposed jury instructions, and noticing that he proposed both 2.42 and 2.43 (character evidence), it became clear that there is a possibility that the defense may call character witnesses at trial. As a result, rather than making a blanket objection or seeking to limit the introduction of any such evidence at trial at this time, the government submits this memorandum to inform the Court of its stated position as to the presentation of character evidence. The purpose of this memorandum, therefore, is to alert the Court to a few issues while reserving any objections until the issues become ripe at trial.

## Rules 404 and 405 -- The Framework for Admission and Rejection of Character Evidence

Although evidence of a character trait offered to prove action in conformity with that trait is generally impermissible, see Fed. R. Evid. 404(a), a defendant is permitted to offer evidence of

his own character under limited circumstances.  Fed. R. Evid. 404(a)(1).[1]  The methods for the

presentation of such evidence are outlined at Rule 405 of the Federal Rules of Evidence.

Rule 405 provides:

> **Methods of Proving Character**
>
> **(a) Reputation or opinion.**  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation *or* by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> **(b) Specific instances of conduct.**  In cases in which character or a trait of character of a person *is an essential element* of a charge, claim or defense, proof may also be made of specific instances of that person's conduct.

(Italic emphasis added).

Although character witnesses were once permitted to testify only as to community reputation

for a trait, see Michelson v. United States, 335 U.S. 469, 477 (1948), the Federal Rules of Evidence

now permit a witness to offer an opinion of a particular character trait of the defendant.  Fed. R.

Evid. 405(a); United States v. Washington, 106 F.3d 983, 999 (D.C. Cir. 1997).

---

1.    Rule 404(a)(1) provides:

> **(a) Character evidence generally.**  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> **(1) Character of accused.**  Evidence of a *pertinent* trait of character offered by an accused, or by the prosecution to rebut the same.

(Emphasis added).

A.      **Proof of Character Trait by Reputation or Opinion Testimony**

In the District of Columbia, the Court retains broad discretion to determine both what type of character evidence may be presented, e.g., Washington, 106 F.3d at 999-1000 (District Court did not abuse discretion in denying defense request to introduce evidence of character traits of "dedication, aggressiveness, and assertiveness" where these traits were not pertinent to the issues at trial), and the number of witnesses who may be permitted to testify.  Fed. R. Evid. 403 (generally governing authority to exclude cumulative evidence); Washington, 106 F.3d at 1000.  Thus, if offered at trial by a defense witness, the government would object to reputation or opinion testimony that does not relate to a pertinent trait of character -- that is, a trait bearing on the offenses charged in the indictment.  See Washington, 106 F.3d at 999-1000; United States v. Barry, 814 F.2d 1400, 1402-04 (9th Cir. 1987) (testimony that defendant is law-abiding citizen may be admissible, but testimony about multiple instances of "good" conduct is not); Government of the Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985) (testimony about an absence of prior arrests constitutes evidence of multiple prior good acts, which may not be introduced pursuant Rule 405(a), that permits inquiry into reputation and opinion, but precludes inquiry into specific instances of conduct); United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981) ( Rule 405(a) permits evidence of only pertinent, or relevant, traits of character, and holding that trial court did not abuse discretion by excluding proffered testimony about defendant's truthful character, where indictment did not impugn defendant's truthfulness, where defendant had not testified and his credibility been attacked, and where truthfulness of defendant's out-of-court statements had not been attacked).   To the extent defendant seeks to offer testimony bearing on a character trait not pertinent to the indictment's allegations of defendant having engaged in a scheme, trick, or device to obtain government funds;

3

having obtained government property by the means of false and fraudulent representations; and having received something of value in exchange for influencing an official act, the government will object strenuously to its presentation to the jury.

As the Court is well aware, a defendant may not prove his reputation for, or the witness' opinion about, even pertinent character traits by reference to specific acts, unless the character trait *is an essential element* of the charges or his defense.  Fed. R. Evid. 405(a) & (b); <u>Barry</u>, 814 F.2d at 1403 ("[T]estimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)."); <u>United States v. O'Connor</u>, 580 F.2d 38, 43 (2d Cir. 1978) (error to admit testimony proving "good character" by proof of specific good acts); <u>see</u> Section B, below.

Moreover, a defendant is required to establish a foundation for a witness' character testimony, and the government would object to the admission of reputation or opinion testimony that is not based on knowledge of the defendant during the relevant time frame.  For example, if a witness was well-acquainted with the defendant or his reputation during the 1990's while the defendant was in college or law school, that witness may not have the requisite knowledge or foundation to testify about the defendant during later, discrete periods of time.

In addition, the government calls attention to the second sentence of Rule 405(a).  That is, if the defendant offers evidence of his character, the government is permitted to cross-examine witnesses who testify to defendant's character about specific facts that would challenge the basis for the reputation described or opinion offered.  <u>See</u>, <u>e.g.</u>, <u>United States v. Mendoza-Prado</u>, 314 F.3d 1099, 1103, 1105 (9th Cir. 2002) (where defendant introduced evidence that he was a good family man who was law abiding, government's introduction of rebuttal evidence in form of transcript of

4

defendant bragging about several uncharged crimes was proper); United States v. Roper, 135 F.3d 430, 433 (6th Cir. 1998) (where defendant places character in issue, cross examination related to that character trait is proper, and approving government's introduction of defendant's criminal history where defendant argued entrapment defense).

Moreover, if defendant's character witnesses offer their opinions as to pertinent character traits, the government will seek to test their credibility and bias using hypothetical questions based on the facts of this case. Such cross examination is proper in this Circuit. United States v. White, 887 F.2d 267, 274-75 (D.C. Cir. 1989) (then-Judge Ruth Bader Ginsberg writing for the Court of Appeals that a witness offering opinion regarding character of defendant may be cross examined using hypothetical questions assuming the guilt of the accused); see also United States v. Wilson, 983 F.2d 221, 224 (11th Cir. 1993) (no abuse of discretion in bank fraud trial in which defendant contested his fraudulent intent, but admitted engaging in the acts charged -- i.e., selling credit card numbers of customers obtained by his telemarketing business -- where prosecutor asked character witnesses if their opinions would change if they knew that defendant had sold credit card numbers to an undercover agent); cf. United States v. Velasquez, 980 F.2d 1275, 1277 (9th Cir. 1992) (where defense counsel's opening statement admitted underlying act -- walking into a bank with a grenade and asking if the manager could open the vault -- but contested criminal intent, arguing that defendant simply wanted to be arrested, prosecutor's question of character witness giving opinion of defendant's non-violent character -- whether the witness viewed walking into a bank with a grenade as a violent act -- did not assume the guilt of the accused). But see, e.g., United States v.

5

<u>Oshatz</u>, 912 F.2d 534, 538-39 (2d Cir. 1990) (holding that cross-examination of character witnesses

with hypothetical questions assuming the guilt of the defendant is improper).

## B. Proof of Character Through Testimony About Specific Acts

A defendant may prove a character trait through evidence of specific conduct only if the

character trait is an essential element of a charge in the indictment or the defense. <u>E.g.</u>, <u>United States</u>

<u>v. Doyle</u>, 130 F.3d 523, 542 (2d Cir. 1997) (defendant's proffered testimony about specific acts

offered to prove that defendant would not have engaged in the conduct alleged is not permitted by

Rule 405(b), which permits such evidence only when character is itself in issue); <u>United States v.</u>

<u>Keiser</u>, 57 F.3d 847, 856-57 (9th Cir. 1995) (defendant's proof of victim's violent character in

support of claim of self defense could be by resort to reputation and opinion only, and stating that

while victim's violent character was <u>relevant</u> to the defense, it was not essential to the defense);

<u>United States v. Talamante</u>, 981 F.2d 1153, 1156 (10th Cir. 1992)("essential," as used in Rule 405(b)

enjoys its strict meaning); <u>Perrin v. Anderson</u>, 784 F.2d 1040, 1045 (10th Cir. 1986)(trait is not

"essential" unless "the existence or non-existence of the character trait itself determines the rights

and liabilities of the parties").

In reaching the issue whether character evidence would be limited to opinion or reputation,

the <u>Keiser</u>, noted:[W]ould proof, or failure of proof, of the character trait by itself actually satisfy

an element of the charge, claim or defense?  If not, then character is not essential and evidence

should be limited to opinion or reputation."  57 F.3d at 856.  The government expects that no

character trait relevant to this case would result in an affirmative answer to the question posed in

<u>Keiser</u>.  The government cannot conceive of a trait of character that is essential, as opposed to

relevant, to any charge in the indictment.  If there were such a character trait, the government would

6

be seeking to prove it. Likewise, the government can identify no character trait of which proof would establish, as opposed to be relevant to, any defense in this case. Therefore, the government plans to object to any offer of proof about specific instances of defendant's conduct that do not constitute evidence about the charges in the indictment.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451-058


_____

JULIEANNE HIMELSTEIN
D.C. Bar No. 417136
ASSISTANT UNITED STATES ATTORNEY
555 Fourth Street, N.W.,
Room 4832
Washington, D.C. 20530
(202) 514-8203

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that a copy of the foregoing Government's Trial Brief on Defendant's

Proposed Character Evidence was served by facsimile upon the attorney for the defendant, Patrick

McLean, Esq., this _____ day of August, 2006.


_____
ASSISTANT UNITED STATES ATTORNEY