IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  06-160 (RBW) |
| | ) | |
| RODGER ARNTT, II | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## RESPONSE TO MOTION TO EXCLUDE CHARACTER EVIDENCE TO BE GIVEN BY PSYCHOLOGIST NATALIE BROWN

1.  **Nature of response**.  In response to the oral motion made by counsel for the Government on 28 August 2006, the Defendant Rodger Arntt, Jr., through his attorney Patrick J. McLain, submits this response.  The Defense states that the Court ought to allow the testimony of psychologist Dr. Natalie Novick Brown's testimony on the issue of the defendant's purpose or intent when he communicated with, and traveled to meet, the fictitious thirteen year old girl who is the pseudo victim in this case.

2.  **Facts**.  Federal Public Defender Axam was the original counsel for the defense in this case, and he entered a notice of appearance on 7 June 2006.  He subsequently made arrangements for a psychological evaluation of the defendant by a psychologist based in Seattle, Washington; a Dr. Natalie Novick Brown.  The indictment in this case was filed on 13 June 2006, and on 19 July 2006, Patrick J. McLain participated in a case status conference by telephone with the Court and counsel for the Government.  At that

telephone conference, attorney McLain stated that the defendant was completing the

process of hiring attorney McLain and the Court issued instructions to all parties

regarding the Court's schedule. The Court set the trial of this case to commence on 28

August 2006.

Counsel for the Government has continued to deliver matters in discovery to

counsel for the defense right up the first day of trial, 28 August 2006. This includes the

names of previously unidentified witnesses, as well as *Jencks* material. Counsel for

defense has been working diligently to prepare for trial. The week before trial, counsel

for defense received Dr. Brown's notes, reports, exams, and other materials used in her

evaluation of the defendant. Rather than the expected evaluation for a possible

sentencing hearing, what the defense received was an evaluation by Dr. Brown that gave

evidence that the defendant did not have the intent required in both counts in the

indictment. Dr. Brown concluded that he defendant had not intended to entice the

fictitious thirteen year old girl to cross state lines to engage in sexual conduct, and she

also concluded that the defendant did not intend to engage in sexual conduct with this

fictitious minor when he traveled across state lines to meet her at a rail station. Copies of

Dr. Brown's evaluation and associated documents were provided to counsel for the

Government on 28 August 2006.

3. **Discussion**. The case most similar to the case at bar is *U.S. v. Roberts*, 887 F.2d 534

(5th Cir. 1989). In that case, the Court had refused to permit the defense to offer the

testimony of a psychologist who had evaluated the defendant and held the opinion that the

defendant's personality and history contradicted the mens rea for the offense.  Like the

case at bar, the defense was not offering an insanity or lack of mental responsibility

defense, in accordance with Federal Rule of Criminal Procedure 12.2.  Rather the defense

was offering facts about the defendant, and an evaluation by an expert in psychology to

offer an understanding of those facts, that would raise a reasonable doubt as to the

requisite mental state in the charge against the defendant.  Though the Court in *Roberts*

found the error ultimately harmless (due to the comments of the trial judge after a bench

trial), the Court did find that the testimony of the psychologist should have been permitted

under Federal Rule of Evidence 404(a), *Roberts* at 536.  It is for that same reason that the

Court in this case ought to allow the jury to hear the testimony of Dr. Brown.

4. **Request for relief.**   The Defense respectfully requests that this Court permit the

testimony of Dr. Brown during the defense case-in-chief..

Respectfully submitted,

/s/ Patrick J. McLain

Patrick J. McLain
Attorney for Defendant Rodger Arntt, II
Bar No. TX0041
970 Mobley Road
Cedar Hill, Texas  75104-1519
Telephone: 214.740.9955
Facsimile:  214.740.9912

**Response to Motion to Exclude the Testimony of Dr. Brown (U.S. v. Arntt, Criminal No. 06-160) - Page 3**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the U.S. Attorney for the District of Columbia set forth below in accordance with the Federal Rule of Criminal Procedure 49 on this 29th day of August, 2006.

Julieanne Himelstein
Assistant U.S. Attorney
Office of the U.S. Attorney

/s/ Patrick J. McLain

Patrick J. McLain
Attorney for Defendant Rodger Arntt, II