IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  06-160 (RBW) |
| | ) | |
| RODGER ARNTT, II | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND SUBMISSION OF MATTERS TO BE CONSIDERED IN SENTENCING**

1. **Nature of response**.  The defendant, Rodger Arntt, II, by and through his undersigned attorney, responds to the Government Memorandum in Aid of Sentencing submitted on 30 January 2007 and submits written matters for consideration in sentencing for the hearing set for 2 February 2007.  The Defense's request is that, in accordance with Title 18, U.S. Code, Section 3553(a)(1), the Court consider and impose a sentence at the mandatory minimum of five years for the offenses of which Defendant Arntt has been convicted.

2. **Matters submitted in the attachment**.  The Defense submits for the Court's consideration the following matters contained in the attachment to this Response:

   a.  Letter from Hospital Corpsman Senior Chief Chris Lovelace (page 1)

   b.  Letter from Hospital Corpsman Chief Bradley Weiss (page 2)

    c. Administrative Separation Board documents (Nov 06) (pages 3 to 5)

    d. six Navy-Marine Corps Achievement Medal award certificates (pages 6 to 11)

    e. Enlisted Fleet Marine Force Warfare Specialist certificate (page 12)

    f. Military Outstanding Volunteer Service Medal certificate (page 13)

    g. Arntt fitness report 25 May to 15 September 2006 (pages 14 to 15)

    h. Arntt fitness report 16 September to 5 December 2005 (pages 16 to 17)

Senior Chief Lovelace was an enlisted supervisor, senior in rank to Defendant Arntt, at Chief Arntt's last duty station, and Chief Weiss was a co-worker and peer. The six achievement medals and the volunteer service medal were recognitions of personal merit received by Chief Arntt during nineteen years of service in the Navy. Following the verdict in this case, pursuant to U.S. Naval regulations, Chief Arntt was processed for involuntary separation from the U.S. Navy. The administrative board that heard his case has recommended that Chief Arntt be separated with an honorable discharge, the highest characterization of service available to recommend. A final decision has not been made by the U.S. Naval authorities, so Chief Arntt is still a member of the U.S. Navy. The last two documents are copies of Chief Arntt's recent evaluations. The first evaluation was completed after Chief Arntt was found guilty and ordered to detention by this Court. The second evaluation was the most recent evaluation available in Chief Arntt's record, before the one just submitted in September 2006.

    The Defense will also offer the testimony of psychologist Dr. Natalie Novick-Brown,

Chief Kris O'Brien, and Mrs. Lynette Arntt for consideration in sentencing. Dr. Brown's testimony will be based on her psychological testing and evaluation of Defendant Arntt in the months immediately prior to trial. A copy of all of Dr. Brown's testing, evaluation, and written opinions on Defendant Arntt have been provided to the Government and the U.S. Probation Office, and most of those documents were provided to the Court as evidence pursuant to a motion by the Defense to present Dr. Brown's testimony during the merits of the case. At this time, the Defense does not intend to re-offer those documents, but the Defense will offer her testimony, based upon the information in those documents.

2. **Discussion**

   a. **response to Government sentencing memorandum**. The Defense disputes three contentions by the Government in its memorandum: the characterization of the "chat" between Defendant Arntt and the undercover police officer, the support for an increase of two points in the Sentencing Guidelines calculations for "obstruction of justice", and the argument in favor of a sentence of 97 months, at the high end of the Sentencing Guidelines calculations.

   As transcript of the "chat logs" in this case (Government Exhibit 10) and the record of Defendant Arntt's testimony at trial demonstrate, Defendant Arntt tried on several occasions to steer the online conversation with the undercover police officer away from sexual matters. The Government Memorandum is correct in stating that Defendant Arntt

made vulgar statements about himself and sexual conduct, as well, but he also made an effort to switch the subject each time thereafter. He also exhibited confusion as to whom he was speaking, asking the undercover officer to repeat personal information, including "her" purported age.

Contrary to the Government's statement on page 3 of the memorandum, Defendant Arntt did not obstruct justice. In the video record of Defendant Arntt's interrogation following his arrest, Defendant Arntt simply accepted the interrogating officers' version of the "facts" because they stated that he had been "chatting" with a child. He did not state a formerly held belief; he accepted the word of law enforcement officers. In his testimony at trial, Defendant Arntt made it clear that he did not know to whom he was speaking because, in his experience during online "chat", people often adopt false or misleading personas. He acknowledged that he knew at the time that the person to whom he was talking could have been a child, but he also stated that the person who identified herself as "kalishopper" could have been an adult engaged in fantasy with a stranger. This does not excuse Defendant Arntt's recklessness or moral failings, but his testimony was not inconsistent with his statements at his interrogation. His testimony was better informed than his interrogation because he was deceived during his interrogation to believe that he had, for certain, been communicating with a child.

Finally, the Government, in pages 8 and 9 of its Sentencing Memorandum, does not state any aggravating "facts" or circumstances of this offense that would justify a

sentence in this case at the high end of the Sentencing Guidelines in this case. In fact, in light of the nature and circumstances of this offense and the history and characteristics of Defendant Arntt, there is more than sufficient evidence to support a sentence at sixty months, the mandatory minimum for this conduct.

   b. **18 USC § 2553(a)(1) factors**. All the evidence in this case supports the Defense position that the Defendant's conduct that led to his conviction was the result of his unfortunate failure to remove himself from his online conversation with a police officer. This can largely be attributed to his psychological impairments, conditions which will be addressed by Dr. Brown in her testimony. There is no evidence that Defendant Arntt ever deliberately engaged in sexual discussion with a minor prior to the events of 19 May 2006. That he did not is understandable due to his own experiences with his stepfather. That he could not seem to pull himself out of a pornographic discussion with an undercover police officer is also understood in light of the trauma he suffers due to the sexual molestation he suffered at the hands of his stepfather. As Dr. Brown's testimony will explain, Defendant Arntt does not have pedophilic tendencies, and he was not acting on pedophilic tendencies in his online conversation with the undercover police officer.

   Defendant Arntt has a meritorious record in the U.S. Navy, as the certificates and letters attached to this memorandum demonstrate. His high moral and professional character is not only a mitigating factor in this case; they are also assurances of his great potential for rehabilitation. Defendant Arntt has a history of marital troubles due to his

DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND SUBMISSION OF MATTERS TO BE CONSIDERED IN SENTENCING
(U.S. v. Arntt, Criminal No. 06-160) - Page 5

long childhood history of molestation, but he also has a record of working to overcome his failings and psychological handicap.

This Court does have a tool available to it to ensure the safety of the community while crafting a sentence that recognizes the mitigating factors in this case and Defendant Arntt's huge capacity for rehabilitation, and that tool is community supervision. That form of post-confinement punishment allows the Court to return Defendant Arntt to confinement if he fails in any way to live up to his potential to rehabilitate. 97 months is an excessive sentence for a first criminal conviction by a psychologically damaged, but professionally superb, Chief Petty Officer in the U.S. Navy.

3. **Request for relief**.   Therefore, for all these reasons, the defense in this case respectfully requests that this Court impose a sentence at the mandatory minimum of five years.

Respectfully submitted,

*/s/ Patrick J. McLain*

_____
Patrick J. McLain
Attorney for Defendant Rodger Arntt, II
U.S. District Court for the District of Columbia
Bar number TX0041
970 Mobley Road
Cedar Hill, Texas  75104-1519
Telephone: 214.740.9955
Facsimile:  214.740.9912

CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing was sent electronically to the U.S. Attorney for the District of Columbia and the U.S. Probation Office on this 1st day of February, 2007.

        */s/ Patrick J. McLain*
        _____
        Patrick J. McLain
        Attorney for Defendant Rodger Arntt, II