UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 06-160 (RBW) |
| v. | : | |
| | : | |
| RODGER ARNTT, II | : | |

## GOVERNMENT'S ADDENDUM TO IT'S
## MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### OBSTRUCTION OF JUSTICE

Undersigned counsel seeks to clarify it's position on the Obstruction of Justice adjustment based on defendant's testimony at trial:

The basis for the obstruction of justice adjustment is that the defendant testified that he did not think he was talking to a child. However, in his statement to law enforcement officials, the defendant said that he knew it was a child, but that he did not intend to have sex with her. Under U.S.S.G. § 3C1.1, the court may authorize a two-level upward adjustment if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Application Note 4 provides a non-exhaustive list of behaviors to which the obstruction adjustment applies, including: committing perjury and providing materially false information to a judge. In this case, the defendant made post-arrest statements to law enforcement officials which contradicts the statements the defendant made during his testimony.

Please see attached pages of trial testimony, dated August 30, 2006, regarding the defendant's testimony and his denial that he knew he was chatting with a child. Repeatedly, throughout the defendant's testimony he testifies that he had a "feeling" or he "felt" that he wasn't "talking to a child anymore".

> "The topic of sex had been brought up or at least sexual orientation, and I just in a joking manner teased--I believe my first line there is 'pecks on the cheek don't count'. It was meant as a joke, but I wasn't really seeing--I wasn't feeling I was talking to a child anymore." (08/30/06 Trial Transcript, at 69, lines 8-12).
>
> "Again, at this point I didn't think they were a child. I thought it was an adult acting like one and wanted to play that kind of role game." (08/30/06 Trial Transcript, at 71, lines 11-12).
>
> **Q. So what did you think?**
> A. That is might be–might actually be an adult trying to be a 13 year old. (08/30/06 Trial Transcript, at 76, lines 7-8).
>
> "Well, again, because by this point I felt more that I was talking to an adult than I was a child and so --" (08/30/06 Trial Transcript, at 94, lines 4-5, 19-24).
>
> "Because I still felt I was going to meet an adult." (08/30/06 Trial Transcript, at 95, line 21).
>
> **Q. You told us that you did not think she was 13, correct?**
> A. Yes, Ma'am (08/30/06 Trial Transcript, at 110, lines 19-21).
>
> **Q. And yet you are telling us that you didn't know she was a child?**
> A. That's correct. (08/30/06 Trial Transcript, at 113, lines 18-20).
>
> **Q. Yet, you didn't know she was a child?**
> A. No, ma'am. (08/30/06 Trial transcript, at 113, lines 24-25).
>
> **Q. Yet, you didn't think she was a child?**
> A. In the context of the conversation, no, ma'am. (08/30/06 Trial Transcript, at 114, lines 8-9).

In direct contrast, at the time of his arrest, the defendant willingly spoke to both the Metropolitan Police Department detectives and the United States Navy Investigators. In the course of those conversations the defendant stated: that he knew he was chatting with a child, he knew it was wrong, he did travel to meet her, but on the way, changed his mind, realized that he was traveling down the same road as his father, and was not going to have sex with her. He wanted to meet her just so that she wouldn't have to keep waiting for him. They were just going to talk and he was going to leave the Metro station without her. Defendant admitted that it was inappropriate to talk to her but that he wasn't thinking and he was having the wrong kind of thoughts.

The Government submits to the court that defendant lied to the jury so that he would not be convicted and for no other reason. Defendant has shown himself to be manipulative and conniving. Defendant's testimony is a clear example of that.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court find that the 2-level adjustment for Obstruction of Justice is justified.

    Respectfully submitted,

    JEFFERY A . TAYLOR
    United States Attorney
    Bar No. 498610

    _____
    JULIEANNE HIMELSTEIN
    Assistant United States Attorney
    Major Crimes Section, Mass.  Bar No. 417-136
    555 4th Street, N.W.  Room 4832
    Washington, DC 20001
    Phone: 514-8203
    Fax: 353-9414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, this ___ day of February, 2007.

    _____
    JULIEANNE  HIMELSTEIN
    Assistant United States Attorney