HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| UNITED STATES OF AMERICA | : Docket No.: 06-CR-160 |
|---|---|
| vs. | : SSN: |
| ARNTT II, Rodger | : Disclosure Date: November 17, 2006 |

FEB 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    ( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____  _____
Prosecuting Attorney                                      Date

#### For the Defendant

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    (✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment. *already furnished*

_____  _____
Defendant  *in detention in DC*   Date    Defense Counsel   Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **November 30, 2006**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Acting Chief
    United States Probation Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § DOCKET NO.: CR-06-160-01 |
| RODGER ARNTT, II, II | § |

## DEFENSE'S RESPONSE TO THE PRESENTENCE REPORT

The Defendant, Rodger Arntt, II, through his attorney, makes the following objections to the Presentence Investigation Report (PSR) prepared by the United States Probation Office in the above referenced cause as noted below.

Paragraphs 5-8. The Defendant objects to the unbalanced summary of the facts in this case, since it ignores any extenuating or mitigating circumstances in the Government's chief evidence, the chat log between Defendant Arntt and the undercover police officer. The evidence records the chat as beginning innocently, but after the undercover officer identified himself as a minor female and discussed sexual matters, Defendant Arntt expressed his desire to change the subject on several occasions. There were three chat sessions. In the first session, Defendant Arntt's attempts to change the subject of the conversation away from sexual matters is recorded on pages 4,5,7, and 9 of the transcript of the chat logs that the Government put into evidence. In the second session, Defendant Arntt's conversation was sexual without any attempt to withdraw from

the subject, but in the third and final session, the chat did not mention sexual matters at all, there was only a discussion of meeting at a metro station. This does not undo the offensive nature of the sexual banter that Defendant Arntt engaged in with a person represented to be a minor, but it gives a fair and balanced rendition of the evidence.

Paragraphs 10 and 17. The Defendant objects to any application of Section 3C1.1 of the United States Sentencing Guidelines for obstruction of justice. The PSR states that Defendant Arntt's in court testimony contradicts his statements on two videotaped interrogations of Defendant Arntt by law enforcement authorities. This is logically and factually inconsistent. Defendant Arntt's testimony at trial was given to rebut the testimony of the Government witnesses who stated that Defendant Arntt was clear that he believed that the person with whom he was chatting online was a minor. In fact, that statement was equivocally stated in those videotaped interviews. Defendant Arntt's testimony at trial was that he did not know who he was talking to online, that persons engaging in online chat often adopt false personas, and during his two interrogations he was simply came to accept it was a minor because the interrogators (untruthfully) told him that he had been talking to a minor. Furthermore, Defendant Arntt was fully aware and had watched recordings of those two interrogation, and he had been informed by his attorney that they would be admitted against him at trial. Therefore, it would be illogical for him to deny what he knew would likely be presented to the jury during the course of his trial. Rather, Defendant Arntt's testimony at trial about his perception of the person

alleged to be a victim in the offenses was meant only to clarify what was not clear in the Government's evidence and in his interrogations. The PSR takes on a prosecutorial, as opposed to a fair and balanced tone by its own admission, when it states that this proposed adjustment is based on the Government's version of the facts.

Paragraphs 41. The Defendant corrects the record of his interview, as stated in the second sentence of paragraph 41. Defendant Arntt attended counseling in Japan on his own initiative. He sought help with his internet sexual communications with adult females and with the psychological damage done to him by his parents, especially his father's sexual molestation of him. This therapy ended when Defendant Arntt had terminate his tour in Japan upon discovery of Defendant Arntt' son molestation by Defendant Arntt's father.

Paragraph 67. Defendant Arntt is responsible for the financial support of four children, to include his daughter Tara.

Miscellaneous errata. Finally, there are some errors in the Presentence Report that do not affect the calculations under the United States Sentencing Guidelines. On page 2 of the PSR, the number of dependents should be five, not four. Defendant Arntt has four children. In the third from last sentence in paragraph 33, the word should be "psychological", not "physiological".

<u>Conclusion</u>.  Other than the objections and corrections noted above, the Defense accepts the Presentence Report in this case as accurate and true.

>Respectfully submitted,
>
>/s/ Patrick J. McLain
>
>---
>
>Patrick J. McLain
>Attorney for Rodger Arntt, II
>USDC DC  Bar No. TX0041
>Texas State Bar No. 13737480
>970 Mobley Road
>Cedar Hill, Texas 75104-1519
>Telephone: 214.740.9955, ext. 227
>Facsimile: 214.740.9912

## CERTIFICATE OF SERVICE

A copy of these objections will be delivered to the office of the United States Attorney for the District of Columbia and the United States Probation Office by hand delivery on this 17th day of January 2007.

>/s/ Patrick J. McLain
>
>---
>
>Patrick J. McLain
>Attorney for Defendant Rodger Arntt, II